UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAWRENCE ROBINSON, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| | ) Civil Action No. 07-1499 (RCL) |
| v. | ) (ECF) |
| | ) |
| DIRK KEMPTHORNE, Secretary, | ) |
| U.S. Department of Interior | ) |
| | ) |
| Defendant. | ) |
| | ) |

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 12(b)(6), Dirk Kempthorne, in his official capacity as Secretary of the United States Department of the Interior ("Defendant"), through undersigned counsel, respectfully files this Motion to Dismiss Plaintiff's complaint or, in the alternative, for summary judgment. In support of this motion, Defendant respectfully refers the Court to the accompanying memorandum.

January 22, 2008

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530
(202) 514-7157
(202) 514-8780 (facsimile)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

LAWRENCE ROBINSON,        )
                                 )
        Plaintiff          )
                                 )
                                 )  Civil Action No. 07-1499 (RCL)
        v.              )  (ECF)
                                 )
DIRK KEMPTHORNE, Secretary,   )
U.S. Department of Interior      )
                                 )
        Defendant.       )
                                 )

## DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, 56, Dirk Kempthorne, in his official capacity as Secretary of the United States Department of the Interior ("Defendant"), respectfully moves to dismiss Plaintiff's complaint for failure to seek timely counseling and thereby exhaust his administrative remedies as required by Title VII of the Civil Rights Act of 1964. Plaintiff commenced this action on August 21, 2007, alleging discrimination under Title VII arising from alleged incidents of sexual harassment. Specifically, Plaintiff, an Automotive Mechanic with the Brentwood Maintenance Facility, National Park Service, alleges that, on December 15 and 20, 2004, he was propositioned for sex by a male co-worker. *Pl. Compl.., Dkt. Entry 1, at* ¶¶9-12. However, Plaintiff did not consult with an EEO counselor until March 4, 2005. *See Declaration of Alvin Dillings*, Chief, Employment Complaints and Adjudication Division, Officer of Civil Rights, U.S. Department of the Interior, ¶2 ("Dillings Decl.").[1]

---

[1]    Plaintiff filed a formal Complaint for Discrimination against Defendant on July 25, 2005, more than six month after the alleged incidents occurred. By letter dated August 25, 2006, Defendant notified Plaintiff that his claim was untimely and apprised Plaintiff of his appeal

In resolving a motion to dismiss, pursuant to Rule 12(b)(6), the court must construe the factual allegations in the complaint in the light most favorable to plaintiff, but need not accept the legal conclusions or allegations lacking factual support. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). The Court is limited to considering facts alleged in the complaint, any documents attached to or incorporated in the complaint, matters of which the court may take judicial notice, and matters of public record. *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).[2] Plaintiff fails to allege any facts that would preclude application of the failure to exhaust bar to this litigation.

A federal employee alleging discrimination in violation of Title VII is required to contact an EEO counselor "within 45 days of the date of the matter alleged to be discriminatory." *Greer v. Paulson*, 505 F.3d 1306, 1312 (D.C. Cir. 2007) (quoting 29 C.F.R. §1614.105(a)(1)(affirming summary judgment on a termination claim where plaintiff failed to seek counseling within 45 days thereof and failed to profer any reasons for not doing so); *Foster v. Gonzalez*, 516 F.Supp.2d 17 (D.D.C. 2007). Strict adherence to the procedural requirements specified in 29

---

rights. *See Ex. B*, letter dated August 25, 2006, attached hereto. Upon Plaintiff's appeal, that decision was upheld. See Ex. C, letter dated March 23, 2007.

[2]        Generally speaking, the Court should not consider matters beyond the pleadings without converting the motion for summary judgment. *See* Fed. R. Civ. P. 12(b)(6). Nonetheless, there are important exceptions to this general principle. The Court may properly take judicial notice of court records without converting a motion to dismiss into a motion for summary judgment. *Baker v. Henderson*, 150 F. Supp. 2d 17, 19 n.1 (D.D.C. 2001)("in determining whether a complaint fails to state a claim, the court may. . . take judicial notice of matters of a general public nature, such as court records, without converting the motion to dismiss into one for summary judgment."); *Himmelman v. MCI Communications*,104 F. Supp. 2d 1, 3 (D.D.C. 2000)("The court may consider [on a motion to dismiss] the allegations of the complaint, documents attached to or specifically referred to in the complaint, and matters of public record.")

C.F.R. 1614.105(a)(1) to both to claims of discrimination and claims of retaliation under Title VII is the best guarantee of evenhanded administration of the law. *Chaple v. Johnson*, 453 F.Supp.2d 63, 69 (D.D.C. 2006). However, like a statute of limitations, these limits are subject to equitable tolling, estoppel, and waiver, which are to be applied sparingly. *Id.* Although the alleged discriminatory acts occurred on December 15 and 20, 2004, Plaintiff did not contact an EEO counselor until March 4, 2005, approximately 75 days later. Accordingly, Plaintiff cannot claim he timely exhausted his administrative remedies unless he can establish he is entitled to equitable tolling. There are no grounds for equitable tolling because Defendant provided reasonable notice to employees of the 45-day requirement.

In *Foster, supra*, the court granted defendant's motion for summary judgment because it was apparent from the record that plaintiff did not seek timely counseling. *Id.* at 23. Nor did plaintiff propound a cogent argument for tolling the 45-day requirement. *Id.* at 23-24 (rejecting plaintiff's argument that the 45-day requirement was tolled by his filing of administrative appeals). Here, it is undisputed that Plaintiff failed to timely consult with an EEO counselor as required by Title VII. Moreover, other than his allegation that he brought the alleged harassment to his supervisors' attention, Plaintiff has failed to allege any facts that would justify a tolling of the 45-day requirement. Plaintiff alleges that he reported the incidents to his "work leader", Melvin Hayden and the alleged harassing individual's supervisor, Joan Proctor. Pl. Compl., Dkt. Entry No. 1 at ¶12. This allegation is insufficient to withstand Defendant's motion. *Greer v. O'Neil*, 2006 U.S. Dist. Lexis 23271, *3-*4 (D.D.C. 2006)(rejecting plaintiff's argument about the sufficiency of reporting her claims to her supervisor because such informal action cannot replace the formal 45-day requirement).

3

Plaintiff also avers that he was not aware of 45-day requirement. Neither of Plaintiff's arguments are availing. In *Foster, supra*, the court rejected plaintiff's argument that he did not have actual notice of the 45-day requirement. *Id.* at 26-27. The court noted, in dealing with this issue, that the relevant inquiry is whether the employer provided notification of the time requirement and whether the notification was reasonably geared to inform the plaintiff. *Id.* Here, Defendant passes both tests. The Brentwood facility has had posters up notifying employees of the 45-day time requirement for over 11 years. Dillings Decl. at ¶5. Moreover, Plaintiff advised the EEO counselor that he learned of the 45-requirement from the posters that had been up before, during and after the alleged harassment. *Id.* at 4. In summary, Plaintiff did not seek the required counseling in a timely manner and he has not alleged any facts that would justify a tolling of said requirement. Therefore, dismissal is proper.

For the foregoing reasons, Defendant respectfully requests that the Court dismiss Plaintiff's complaint.

January 22, 2008

Respectfully submitted,

_/s/_

JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_/s/_

RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_/s/_

KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C. 20530
(202) 514-7157
(202) 514-8780 (facsimile)

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAWRENCE ROBINSON, | ) |
| | ) |
| **Plaintiff** | ) |
| | ) Civil Action No. 07-1499 (RCL) |
| v. | ) (ECF) |
| | ) |
| DIRK KEMPTHORNE, Secretary, | ) |
| U.S. Department of Interior | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## ORDER

This matter comes before the Court on the Defendant's Motion to Dismiss pursuant to Fed.

R. Civ. P. 12(b)(6) or, in the alternative for summary judgment. After considering the appropriate

pleadings, the record herein, and applicable law, it is this ____ day of _____, 2008,

hereby

ORDERED, the Defendant's motion is hereby GRANTED; and it is

FURTHER ORDERED, that Plaintiff's claims against the Defendant are hereby

DISMISSED, with prejudice.

_____
HONORABLE ROYCE C. LAMBERTH, U.S.D.J.

## CERTIFICATE OF SERVICE

I certify I that on this 22nd day of January 2008, I caused the foregoing Defendant's

Motion to Dismiss Plaintiff's Complaint to be served on Plaintiff's attorney, Andrew Wayne

Nussbaum, via the Court's Electronic Case Filing system.


_/s/_____

KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C. 20530
(202) 514-7157
(202) 514-8780 (facsimile)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| Lawrence Robinson, )<br><br>Plaintiff )<br><br>v. )<br><br>Dirk Kempthorne, Secretary, )<br>U.S. Department of the Interior )<br><br>Agency/Defendant ) | Case No. 1.07-cv-01499 |

**DECLARATION OF ALVIN DILLINGS**

I, Alvin Dillings, declare and say:

1. I am the Chief, Employment Complaints and Adjudication Division, Office of Civil Rights, U.S. Department of the Interior. I have held this position since April 1, 2006. My duties include supervising the Agency's complaint processing system, preparing Final Agency Decisions, issuing Agency dismissals of complaints, and preparing and supervising the Records Center. We are record custodians for all Agency EEO complaint files.

2. As part of my official duties, I was assigned to the processing of the EEO Complaint filed by Mr. Lawrence Robinson. Mr. Robinson was employed by the National Capital Region (NCR), National Park Service (NPS) as an automotive mechanic at the Brentwood Maintenance Facility, Washington, D.C. I reviewed the files and prepared the Final Agency Decision (FAD) dated August 25, 2006, on Mr. Robinson's EEO complaint. Mr. Robinson's complaint was rejected as untimely because it was not filed within 45 days of the alleged act of discrimination. The alleged

act of discrimination (sexual harassment) took place on December 20, 2004. The 45th day after

this incident was February 3, 2005. Mr. Robinson did not make initial contact with an EEO

counselor until March 4, 2005.

3. I also prepared the Agency's briefings to the Office of Federal Operations, U.S. Equal

Employment Opportunity Commission that led to the EEOC's affirmance of the FAD by

decision dated March 23, 2007, and to the EEOC's denial dated May 2, 2007, of Mr. Robinson's

request for reconsideration.

4. The EEO counselor's Report of Counseling dated September 7, 2005, indicates at page 6 that

Mr. Robinson stated that he delayed initiating the EEO process to give his supervisors time to

initiate disciplinary action against the alleged offender. The Report of Counseling also states at

page 6 that Mr. Robinson said that he observed a poster of the National Park Service EEO

counselors on the Brentwood Maintenance Facility bulletin board. A copy of the counselor's

Report of Counseling is attached to this Declaration as Exhibit 1.

5. By memorandum to the EEO Program Manager, NPS dated October 26, 2006, titled

"Reconsideration Request for Lawrence Robinson", the EEO Program Manager, NCR advised

that an EEO counselor visited the Brentwood Maintenance Facility on October 23, 2006, and

observed and took photographs of EEO posters on the bulletin boards of six of the seven shops at

the facility and on the hallway to and from the facility's main office together with contact lists of

NCR EEO counselors. Both the posters of the EEO counselors and the contact lists of the EEO

2

counselors included the 45 day time limit information. The EEO Program Manager, NCR, wrote that EEO posters that the NCR had posted for the prior 11 years all identified the required time frame for initiating the EEO process. The EEO Program manager, NCR also wrote that the NCR EEO Office has, since 1980, distributed notice of the EEO complaint process and of the employee's rights in the process to all employees at the beginning of each fiscal year. The October 26, 2006, memorandum and the attached photographs of the Brentwood Maintenance Facility were provided to my office by memorandum dated November 3, 2006. The October 26, 2006, memorandum and the photographic documentation were provided to the Office of Federal Operations, EEOC in support of the Agency's motion to affirm the FAD. The November 3 and October 26, 2006, memorandums and the attendant photographs of the Brentwood Maintenance Facility are attached to this Declaration as Exhibit 2.

In accordance with 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing information is true and correct.

Executed this _22nd_ day of January, 2008.

Alvin Dillings

# DEPARTMENT OF THE INTERIOR

# EQUAL OPPORTUNITY OFFICE

# REPORT OF COUNSELING[1]

**REPORTING**

Note:    Attach all relevant documents and supplemental sheets, including but not limited to a:

a.    Copy of the Rights and Responsibilities for Processing Complaints of Discrimination, signed by the aggrieved person , including the certificate of receipt, if mailed.

b.    Copy of the Notice of Final Interview signed by the aggrieved person , including a copy of the certificate of receipt, if mailed.

c.    Copy of any informal resolution agreement(s) presented to the aggrieved person for acceptance/rejection.

d.    Copy of the Agreement to Extend the Counseling Period, if an extension was approved.

**BUREAU:  National Park Service**

**EEO COUNSELOR'S NAME:  Mr. Lee Gaither**

**LOCATION:  National Capitol Region       TELEPHONE:  202-692-6041**

**EEO COUNSELOR'S SIGNATURE AND DATE:**

**EQUAL OPPORTUNITY MANAGER'S:**        _Harris_  9/7/05

---

[1]The information contained in this report is subject to the non-disclosure provisions of the Privacy Act of 1974, Public Law 93-579, 5 U.S.C. 552a.  A copy of this report should be given to the aggrieved person after he/she files a formal complaint.

## PART A
## KEY FACTS

1.  **Aggrieved person's Full Name:**  Lawrence Robinson



2.  **Place of Employment:**  National Park Service, National Capitol Region

    Address: Brentwood Maintenance Facility

    Work Phone:  202-426-6890

    Position, if working for Federal Government:  Automotive Mechanic, WG-10

    Position Title, Series, Grade

3.  **Office Where Complaint Arose, if different from above:**

    Address:

4.  **Anonymity Requested:** (mark one) Yes _____    No  XX

5.  **Aggrieved Person's Representative:**    Mr. Sheldon Gnatt, Esquire

    Address:  14440 Old Mill Road
    Upper Marlboro, MD 20772

    Phone:    301-952-0100

    ____XX____ Attorney    _____ Non-Attorney
    After many requests, a Designation of Representative Form was still never provided.

6.  **Aggrieved Persons Initial Contact with EEO Official** (Date):  March 4, 2005

7.  **EEO Counselor∗s Initial Interview with Aggrieved Person** (Date):  April 7, 2005

8.  **Regional Equal Opportunity Manager Advised of Complaint** (Date):  March 4, 2005

4

When providing alternate counseling, Bureau EEO Officer/EEO Manager advised of Complaint (Date): _____

9.    **Notice of Rights and Responsibilities for Processing Complaints of Discrimination Issued** (Date):    April 7, 2005

10.   **Notice of Final Interview (NOFI):**       Date hand delivered _____

Date Sent and Certified Mail number: July 5, 2005,    #70010320000140690474

(Note: The NOFI also must be sent to the representative if the aggrieved person has designated one)

11.   **Notice of Final Interview Received by Aggrieved Person**   (Date): July 7, 2005

**(If the Notice of Final Interview was mailed, attach the certified mail return receipt card (green card)).**

12.   **Agreement to Extend Counseling Period**

   **a.  Date on which Agreement to Extend Counseling Period was Signed:**  May 25, 2005

   **b.  Date to which Counseling Period was Extended:**  July 25, 2005

## PART B
## REASON(S) FOR SEEKING COUNSELING

1.    **Alleged Discriminatory Basis (Be specific.  For example, if "Age," give the date of birth):**

   Race: _____      Color:

   Sex:  Sexual Harassment_____          Religion:

   Age: _____      National                    Origin:

   Mental Disability: _____

   Physical Disability: _____

   Reprisal: _____
   If in connection with the employee's  prior complaint activity, indicate whether an informal or formal complaint was pursued.  If the individual filed a formal complaint(s), provide the Docket Number(s): _____.     If the prior EEO activity was unrelated to the individual's  complaint, describe  the EEO activity the individual participated in (i.e., served as a witness in the investigation of X complaint; objected to a discriminatory comment made by X in Y month, Z year, etc.).

   Other: (Matter not covered by Federal EEO complaint regulations under 29 C.F.R. 1614 - Also See Part E.3.

2.    **Alleged Discriminatory Matter(s)/Action(s):**

Mr. Lawrence Robinson alleges that on December 20, 2004,▮▮▮▮▮▮▮▮▮▮▮▮▮▮a National Park Service maintenance employee made sexual comments and threats towards him at the Brentwood truck shop. Mr. Lawrence advised that his first line supervisor Melvin Hayden and shop supervisor Butch Harley did not handle the incident appropriately or in a timely manner.

**Date of 45th Day After Last Incident:**   February 3, 2005

3. **If any incidents occurred more than 45 days before initial contact, record the individual's reason(s) why (s)he did not raise the matter earlier?**

Mr. Robinson stated that he was giving his supervisors time to take some disciplinary action against the offender but when he realized that they had not taken any action he contacted the Equal Opportunity Office.

**In what manner was the aggrieved person made aware of the discrimination complaint procedures, including the time limit in which to contact an EEO Counselor?**

Mr. Robinson observed a poster of the National Park Service EEO counselors on the Brentwood Maintenance Facility bulletin board.

4. **Corrective Action Sought by and Discussed with Aggrieved person:**

The following is a list of proposed remedies Mr. Lawrence submitted:

  a. $300,000 dollars in compensatory damages
  b. Back pay for lost wages
  c. Pay all medical bills
  d. Pay attorney fees
  e. No further contact with Maurice Braxton

PART C
FACT FINDING

**Summary of Informal Inquiry:**    (Describe the facts gathered.  Do not express an opinion as to the merit of the complaint.)

a.  **Witness Interviews.**

**Lawrence ROBINSON**
National Mall & Memorial Parks
Male
Date of Interview: April 7, 2005

Mr. Robinson informed me that on December 20, 2004, he was approached by Mr. Maurice Braxton inside of the truck shop at the Brentwood Maintenance Facility. He stated that Braxton made inappropriate (sexual in nature) comments, expletives, and threats towards him.  Robinson advised that Braxton had made inappropriate comments to him before, and that he informed his chain-of-command of the incident.  No action was taken against Braxton. Robinson stated that two of his co-workers, Mr. West and Mr. Curtis were present during the aforementioned incident.

Mr. Robinson also advised that the United States Park Police responded to the December 20th incident. However, he does not believe that they did an adequate investigation because Braxton was not arrested.  Robinson stated that his immediate supervisor, Mr. Melvin Hayden, and Shop Supervisor, Butch Harley, did not handle the incident appropriately or advise him of their intent to correct the problem. Mr. Robinson stated that the aforementioned incident has created a hostile work environment and has caused an enormous amount of stress. Robinson stated that he was out on OWCP due to the repeated harassment by Braxton.

**(Note: During this interview Mr. Robinson declined to sign the Rights & Responsibilities stating that his attorney had to review it first. Also, Mr. Robinson said that he would have to get back to me to let me know what relief he was seeking.    After several calls and messages, Mr. Gnatt who is Mr. Robinson's attorney called on June 23, 2005 and gave me the desired relief.)**

**George HARLEY**
Auto Mechanic Supervisor
National Mall & Memorial Parks
Male
Date of Interview: May 27, 2005

Mr. Harley was informed by the undersigned of Mr. Lawrence's allegations of sexual harassment, discrimination, and his intent to file a formal EEO complaint. Harley advised that he was aware of the incident that occurred on December 20, 2004. Harley stated that Maurice Braxton's supervisor Joan Proctor (female) counseled Braxton on his involvement and conduct regarding the alleged incident.

**Melvin HAYDEN**
Work Leader (Truck Shop)
National Mall &Memorial Parks
Male
Date of Interview:  May 24, 2005

Mr. Hayden is Mr. Lawrence's first line supervisor.  Hayden was informed by the undersigned of Lawrence's allegations of sexual harassment, discrimination, and his intent to file a formal EEO complaint.  Hayden advised that he was aware of the incident that occurred on December 20, 2004. Hayden advised that he thought the United States Park Police (USPP Case # 04-39134) was handling Lawrence's  allegations of threats.

**Ken Brodie**
Chief Division of Administration
National Mall & Memorial Parks
Male
Date of Interview:  September 7, 2005

Mr. Brodie stated that he was aware of the incident and that the U.S. Park Police had done an investigation and that one of his staff members had also taken some statements from employees. From what he understands Mr. Robinson could have also contributed to what happened. Mr. Robinson has been on leave since the incident has occurred.  Because of this and other events, the Park is working on a proposal to remove ██████████  Mr. Brodie stated that he was not in a position to offer the relief Mr Robinson is requesting.

**Joan Proctor**
Supervisor
National Mall & Memorial Parks
Female
Date of Interview: September 8, 2005

Ms. Proctor stated that she was not directly involved in resolving the issue. ████████████oes report to her but she only has second information. However, she did have a conversation with Mr. Robinson after the first incident but he stated that he did not believe that ████████would bother him again and did not want any action to be taken against ██████████ She has been advised that her Supervisor, Mr. Brodie is taking care of the matter.

   b.  **Document Review.**

      a.  United States Park Police Criminal Incident Report (not attached)


   c.   **Survey of Environment.**  (In order to identify similarly situated employees, describe the make- up of the organizational unit by name, position title, and the protected status of the employees relative to the bases of the complaint.  For example, if sex discrimination is alleged, identify the employees in a similar position as the aggrieved person who report to the same Division Chief and identify their gender.

8

**PART D**
**CONCLUSION OF EEO COUNSELING ACTIVITIES**

1.    Was the Aggrieved Person advised of the availability of Alternative Dispute Resolution (ADR)? Yes <u>XX</u>   No____

Was resolution sought through an ADR process or through the informal EEO counseling process?

Informal EEO Counseling: _____                ADR: _____

Was the matter resolved?  Yes ___   No <u>XX</u>

Explain, if no.

Mr. Lawrence's proposed remedies could not be achieved during the informal counseling process.

**PART E**
**MISCELLANEOUS**

1.    Has the aggrieved person filed a grievance related to the issue(s) identified under B.2?

Yes _____  Date grievance filed: _____        No <u>XX</u>

If yes, attach a copy of the grievance.

2.    Has the aggrieved person filed an appeal with the Merit Systems Protection Board about the issue(s) raised under B.2?

Yes _____  Date appeal filed: _____        No <u>XX</u>

If yes, attach a copy of the appeal.

3.    Non-EEO Matter –

4.    Management Notification/Contacts:

Was management advised of the informal and formal EEO complaint process? Yes <u>XX</u> No ____

Was management notified of the allegations?                Yes <u>XX</u>   No _____

Was management notified of the conclusion of EEO counseling?    Yes <u>XX</u>   No _____

9

5.    **ATTACHMENTS**

a. Rights and Responsibilities for Processing Complaints of Discrimination, signed by aggrieved person on 4/30/05 (only signature page returned).

b. Notice of Final Interview and Right to File a Discrimination Complaint - certificate of receipt dated 7/7/05 attached.

c. Agreement to Extend EEO Counseling signed by the aggrieved 5/25/05.



# United States Department of the Interior

**NATIONAL PARK SERVICE**
National Capital Region
1100 Ohio Drive, S.W.
Washington, D.C. 20242

IN REPLY REFER TO

P42(NCR-EEO)

October 26, 2006

Memorandum

To:        EEO Program Manager, National Park Service

From:      EEO Manager, National Capital Region

Subject:   Response regarding Lawrence Robinson Reconsideration - DM-2005-072

Please be advised that when Mr. Robinson called the Regional EEO Office requesting an EEO Counselor I informed him that his contact date was beyond the required time limit. During that discussion he stated that he did not contact an EEO representative sooner because he was giving management time to discipline the offender. It was not until some time had lapsed and it seemed to him that no action was going to be taken, that he decided to utilize the EEO process.

In regards to his statement that nothing was posted to inform him of the EEO time limitation, he stated otherwise to his EEO Counselor. During the informal counseling period, Mr. Robinson told the counselor that there were several posters posted in the Brentwood Maintenance Facility. All the posters have the 45 day time frame on them.

One of our EEO collateral duty counselors visited the Brentwood Maintenance Facility on October 23, 2006 and took pictures of all bulletins boards. Of the seven maintenance shops, posters were on the bulletin boards of six shops. Posters were also in the hallway to and from the facility's main office.

Posted along with the U.S. DOI Complaint Processing Procedures and the EEO Counselors Poster containing the 45 day time limit information is a contact list of current NCR EEO Counselors with time limit information on it as well. Enclosed, I have provided copies of the last three posters which we have posted over the past 11 years, all which identify the required time frame. Also, since 1980 the EEO Office has distributed the EEO Complaint Process and the Employee's Rights in the Process to all employees at the beginning of every fiscal year.

Please do not hesitate to contact me with any questions or if you need any further information.

Enclosures

Case 1:05-cv-01455-SCL    Document 8-2    Filed 01/23/2008    Page 12 of 21



CENTRAL
MAINTENANCE
SHOPS

U. S. DEP. OF THE INTERIOR
NATIONAL PARK SERVICE



## Equal Employment Opportunity (EEO) Counselors

If you believe you have been discriminated against on the basis of race, color, age, sex, sexual orientation, religion, national origin or physical/mental handicap, contact one of the following EEO Counselors.



INDIVIDUAL OR CLASS COMPLAINT

Employees or Applicants for employment must contact an EEO Counselor within 45 calendar days of the alleged discriminatory act.

## Safety & Health Bulletin

November 2002

GET THE FACTS

WHAT IS A CRISIS?

HOW DOES THE CAP WORK?





U.S. PARK POLICE  
EEO Office  
1100 Ohio Drive S.W.  
Washington DC 20242

## Equal Employment Opportunity (EEO) Counselors

If you believe you have been discriminated against on the basis of race, color, religion, sex, sexual orientation, national origin, age, physical or mental disability, marital status, information or reprisal, contact the EEO Office or one of the 26 members 26 member of the following EEO Counselors

| NAME | DUTY STATION | CONTACT NUMBER |
|---|---|---|
| Brady, Maria | Attorney-Adviser Rankford | |
| Buck, Crystal | National Capital Region | |
| Gregersen, Palma | National Capital Region | |
| Heuler, Barbara | National Capital Region | |
| Israel, Lee | Mason, Inc. Investigation | |
| Jones, Francis R | Gateway Area | |
| Lassiter, Dorothy | Gateway | |
| Lipscomb, M | Greater Washington | |
| Robinson, Maria | National Mall & Memorial | |
| Rose, Sandra | National Capital Reg | |
| Washington, Wanda | National Capital Reg | |

## INDIVIDUAL OR CLASS COMPLAINT
employee/applicant must contact an EEO Counselor within 45 days of the EEO Counselor first instance...
alleged discriminatory act.



...PARK POLICE  
...TIONS BRANCH  
...ION  
...N



# EQUAL EMPLOYMENT OPPORTUNITY (EEO)
## COUNSELORS ROSTER - December 2, 2005

IF YOU BELIEVE YOU HAVE BEEN DISCRIMINATED AGAINST ON THE BASIS OF RACE, COLOR, AGE, SEX, SEXUAL ORIENTATION, RELIGION, NATIONAL ORIGIN, PHYSICAL/MENTAL HANDICAP OR GENETIC INFORMATION OR PHYSICAL CONTACT THE EQUAL OPPORTUNITY OFFICE OR (202) 619-7000 OR ONE OF THE FOLLOWING EEO COUNSELORS:

Catherine Briggs
Harpers Ferry Nat'l Historical Park
(304) 535-6281

Carlita Buck
Nat'l Capital Region
Headquarters
(202) 619-7154

A. L. Gaither Jr
United States Park Police
(202) 692-6043

Pierre Grayerman
Nat'l Capital Regional
Headquarters
(202) 619-7227

Jonathan Heilmayer
United States Park Police
(202) 619-7000

Bernadette [illegible]
Emergency
(301) 663-3616

Jay Kennedy
Nat'l Capital Parks-East
(202) 673-5404

Christine Lucero, Park Police
United States Park Police
(202) 944-8046

Lonnie R. Lane
Nat'l Capital Parks-East
(202) 690-5177

Sandra Rice-Reagan
Nat'l Capital Region
Headquarters
(202) 619-7356

Wanda L. Washington
Nat'l Capital Parks-East
(202) 690-5164

### INDIVIDUAL OR CLASS COMPLAINT (Employee or Applicant for employment)
that arose in an EEO counselor within 45 calendar days of the alleged discriminatory act.



**United States Department of the Interior**

OFFICE OF THE SECRETARY
Washington, DC  20240



AUG 2 5 2006

IN REPLY REFER TO:
P4217(0008)
FNP-2005-072
DM-2005-072

**CONFIDENTIAL**
**TO BE OPENED BY ADDRESSEE ONLY**

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Mr. Sheldon Gnatt, Esquire
Knight, Manzi, Nussbaum & LaPlaca
1440 Old Mill Road
Upper Marlboro, Maryland 20772

Dear Mr. Gnatt:

This letter is written regarding the complaint of discrimination filed by your client,
Lawrence Robinson, filed against the National Park Service (NPS).  Your client's
complaints filed on July 25, 2005, were received in the NPS Equal Opportunity Office, in
Washington, D.C., on August 3, 2005.  The complaints have been assigned Docket
Numbers FNP-2005-072 and DM-2005-072.  Please refer to these Docket Numbers in all
communications regarding this complaint.

We have reviewed your client's complaints and have identified the following claims:

FNP-2005-072

Your client alleges that he was discriminated against and subjected to harassment based on
sex (male), when a coworker made inappropriate comments of a sexual nature, and
management refused to take action to stop the behavior.  (December 15, 2004)

DM-2005-072

Your client alleges that he was discriminated against and subjected to harassment and
threatened based on sexual orientation, when a coworker made inappropriate comments of a
sexual nature, and management refused to take action to stop the behavior.  (December 20,
2004)

CR. 06 2006.1008  dismissal

In regard to your client's complaint, FNP-2005-072, the regulations at 29 C.F.R. Section 1614.105(a)(1) provide that an aggrieved person must initiate contact with a counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of a personnel action, within 45 days of the effective date of the action. A review of the records indicates that the date of the action identified in FNP-2005-072 was December 15, 2004. Your client contacted an EEO official on March 4, 2005, well over the 45 day timeframe to contact an EEO Counselor. Your client acknowledges that he was aware of the allege discrimination in December 2004, therefore, a waiver of the time limits is not warranted because there were EEO posters which informed employees and applicants of the timeframes for initiating the EEO process on display at the Brentwood Maintenance Facility bulletin board during December 4, 2004, through March 4, 2005, where your client was assigned. Therefore, we believe your client should have been aware of the timeframes for initiating the EEO process.

In regard to your client's complaint, DM-2005-072, the Department of the Interior's Departmental Manual, DM 373, sets forth the requirement to initiate contact with a counselor within 45 days of the effective date of the action. Our records indicate that this incident happened on December 20, 2004. Your client contacted an EEO official on March 4, 2005, well beyond the 45 day timeframe to contact an EEO Counselor.

Regarding your client's complaint, FNP-2005-072, in accordance with 29 C.F.R. Section 1614.107(a)(2) states that the agency shall dismiss an entire complaint that fails to comply with the applicable time limits contained in Section 1614.105. Also, regarding your client's complaint DM-2005-072, the Department of the Interior's Departmental Manual 373 DM 7.8 (A) requires that: "the Director, Office of Civil Rights (OCR), shall dismiss a complaint or a portion of a complaint that fails to comply with the applicable time limits contained in 373 DM 7.6. Your client has failed to comply with applicable timeframes by not contacting an EEO counselor in a timely manner under 29 C.F.R. Section 1614.107(a)(2), and under 373 DM 7.6. Your client's complaints are hereby dismissed.

If you are dissatisfied with this decision, you have the following appeal rights:

## APPEAL RIGHTS

Regarding your client's complaint FNP-2005-072, Title 29, Section 1614.402(a) states that an appeal to the Equal Employment Opportunity Commission (EEOC) of a final agency decision must be filed by an appellant within 30 days of receipt of an agency's dismissal, final action, or decision.

If the complainant is represented by an attorney of record, the 30-day time limit shall begin to run from the date of receipt by the attorney of the notice of dismissal, final action, or final decision without a hearing. All such appeals must be filed with the EEOC at the following address:

Equal Employment Opportunity Commission
Office of Federal Operations
Post Office Box 19848
Washington, D.C.   20036

As an alternative to mailing, appeals may be hand-delivered to:

Equal Employment Opportunity Commission
Office of Federal Operations
1801 L Street, N.W.
Washington, D.C.   20507

As a further alternative, appeals may be sent by facsimile (fax) to the Equal Employment
Opportunity Commission at:

(202) 663-7022

The appellant shall furnish a copy of the appeal to the agency at the same time it is filed
with the EEOC.  In or attached to the appeal to the EEOC, the appellant must certify the
date and method by which service was made on the opposing party.  The individual
appellant should use EEOC Form 573, Notice of Appeal/ Petition (copy enclosed).

In regards to your client's complaint DM-2005-072, you may file a Request for
Reconsideration (RFR) with the Director, Office of Civil Rights (OCR) within 30 calendar
days of receipt of this decision.   A complete copy of the RFR with supporting arguments
or evidence must be served on all parties listed in the final agency decision as having been
sent a copy of that decision, and to the Director, OCR.  The RFR must be accompanied by a
certificate of service containing the date and manner in which service was affected and must
be submitted to the Director, OCR, 1849 C Street, N.W., MS-MIB-5230, Washington, D.C.
20240. The Director, OCR will issue the decision on the RFR no later than 60 calendar
days from receipt of the RFR and the supporting documents.

## CIVIL ACTIONS

In regards to your client's complaint FNP-2005-072, in lieu of an appeal to the EEOC,
you may file a civil action in an appropriate United States District Court within 90
calendar days of receipt of this final agency decision.

If you file an appeal with the EEOC, and you are not satisfied with the EEOC's decision,
you may file a civil action in a United States District Court within 90 calendar days of
receipt of the EEOC's final decision.

You may also file a civil action any time after 180 calendar days from the date of filing an appeal with the EEOC, if there has been no final decision by the EEOC. The Civil Rights Act and the Rehabilitation Act give the Court discretionary authority to appoint an attorney without payment of fees and costs by the Complainant. The granting or the denial of your request is within the sole discretion of the Court.

Your request and the civil action must be filed within 90 days of the date the final decision is received. Please note that the Age Discrimination in Employment Act contains no specific provision for a court-appointed attorney.

If you file a civil action involving this complaint, you must specifically name the Secretary of the Department of the Interior, Dirk Kempthorne, as defendant. Failure to do so may result in the loss of any judicial redress to which you may be entitled.

It is important to note that 29 C.F.R. Section 1614.409 states, "Filing a civil action under Sec. 1614.408 or Sec.1614.409 shall terminate Commission processing of the appeal. If private suit is filed subsequent to the filing of an appeal, the parties are requested to notify the Commission in writing."

Sincerely,

Delia R. Trimble
Deputy Director
Office of Civil Rights

Enclosure

EEOC Form 573

cc:    Charles Riggins, Acting EEO Program Manager, FNP
       Lawrence Robinson, Complainant
       Deborah Charette, Assistant Solicitor for Personnel Litigation and Civil Rights



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P. O. Box 19848**
**Washington, D.C. 20036**

Lawrence Robinson,
Complainant,

v.

Dirk Kempthorne,
Secretary,
Department of the Interior,
Agency.

Appeal No. 0120065339[1]

Agency Nos. FNP2005072 & DM-2005-072

## DECISION

Complainant filed an appeal with this Commission from the agency's decision (FAD) dated August 25, 2006, dismissing his complaint of unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e *et seq.* Upon review, the Commission finds that complainant's complaint was properly dismissed pursuant to 29 C.F.R. § 1614.107(a)(2), for untimely EEO Counselor contact. In his complaint, complainant alleged that he was subjected to discrimination on the basis of sex (male) when on December 15 and 20, 2004, a co-worker made inappropriate and offensive comments of a sexual nature to him.

The record discloses that the alleged discriminatory event occurred on December 20, 2004, but complainant did not initiate contact with an EEO Counselor until March 14, 2005, which is beyond the forty-five (45) day limitation period. On appeal, complainant has presented no persuasive arguments or evidence warranting an extension of the time limit for initiating EEO Counselor contact. Accordingly, the agency's final decision dismissing complainant's complaint is affirmed.[2]

---

[1] Due to a new Commission data system, this case has been redesignated with the above-referenced appeal number.

[2] The Commission notes that the FAD was issued on August 25, 2006, and complainant filed his appeal on September 27, 2006. However, in the FAD, in addition to information about filing an appeal with the Commission, the agency references a process wherein a complainant could seek "reconsideration" by the agency. The agency issued a "Denial" which upheld its

2                                    0120065339

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1.    The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2.    The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) within thirty (30) calendar days of receipt of this decision or within twenty (20) calendar days of receipt of another party's timely request for reconsideration. *See* 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. *See* 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

You have the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department"

---

FAD, but did not include appeal rights to the Commission, on November 20, 2006. The Commission cautions that agency that such "reconsideration" procedural may confuse complainants about when and if to file an appeal with the Commission.

3                                    0120065339

means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, filing a civil action will terminate the administrative processing of your complaint.

### RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). The grant or denial of the request is within the sole discretion of the Court. Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:


*Carlton M. Hadden*
_____
Carlton M. Hadden, Director
Office of Federal Operations


**MAR 2 3 2007**
_____
Date

4                                           0120065339

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed.** I certify that this decision was mailed to the following recipients on the date below:

Lawrence Robinson
4500 Apex Ln
Beltsville, MD  20705

Sheldon L. Ghatt
14440 Old Mill Rd
Upper Marlboro, MD  20772


Sharon D. Eller, Director
Office of Equal Oportunity
Department of the Interior
1849 C St., NW #MS5221
Washington, DC  20240

MAR 2 3 2007
_____
Date

_____
Equal Opportunity Assistant