UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAWRENCE ROBINSON | * |
| Plaintiff | * |
| v. | * Civil Action No. 07-1499 (RCL) |
| | * (ECF) |
| DIRK KEMPTHORNE, SECRETARY, | * |
| U.S. DEPARTMENT OF THE INTERIOR | * |
| Agency/Defendant | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

Pursuant to Fed. R.Civ. P. 12(b)(6) or, in the alternative, 56, Defendant has moved to dismiss Plaintiff's complaint for failure to seek timely EEO counseling and thereby exhaust his administrative remedies as required by Title VII of the Civil Rights Act of 1964. Defendant asserts that Plaintiff did not initiate contact with an EEO counselor within 45 days of the effective date of the action complained of (incidents on December 15 and 20, 2004). Defendant states that Plaintiff did not consult with an EEO counselor until March 4, 2005, approximately 75 (actually 74) days after the incident.

EEOC Regulations provide that the 45-day time limitation shall be extended if the complainant shows that he did not know of the time limits and was not otherwise aware of them.

> The agency or the Commission shall extend the 45-day time limit in paragraph (a)(1) of this section when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

29 C.F.R. Section 1614.105(a)(2).

Defendant cites <u>Foster v. Gonzalez</u>, 516 F. Supp. 2d 17 (D.D.C. 2007), a case in which, according to Defendant, the plaintiff failed to proffer any cogent reasons for not seeking counseling within 45 days. Defendant also acknowledges that the time limit, like a statute of limitations, is subject to equitable tolling, estoppel and waiver. In the instant case, Plaintiff does advance arguments justifying the application of these doctrines.

The Affidavit of Lawrence Robinson, previously submitted to the EEOC and attached to the Statement of Disputed Material Facts, attests that Mr. Robinson, after the December 20, 2004, incident, registered a complaint with a Park Police Officer and with Work Leader, Melvin Haden, and Mr. Haden's supervisor, Joan Proctor. Mr. Robinson wrote a statement and gave it to the Police Officer who had come to the scene. Later, when Mr. Robinson's Foreman/Floor Supervisor, George Harley, came in, Mr. Robinson met with him and told him of his complaint. Subsequently, following the protocols of which Mr. Robinson had been made aware, he reported the incident to the Administrative Officer, Ken Brodie, and to the Union representative, Jordan Whitaker. None of these individuals informed or advised Mr. Robinson that, in order to make a timely complaint to EEO, he must make contact with an EEO Counselor within 45 days of the incident.

In making the above-described contacts, Mr. Robinson was informing those officials that he had been propositioned for sex and, thus, sexually harassed (a form of sex discrimination). This was the very same information, invoking the same law, Title VII, that Mr. Robinson was expected to provide the EEO counselor. Thus, this case is distinguishable from <u>Foster</u>, where the Court, in denying equitable tolling during the period Foster was waiting for a decision on his internal appeal to the FBI of his termination, relied on the fact that the internal appeal had an unrelated, independent legal basis, legally and factually distinct from his claim under Title VII.

517 F. Supp. 2d at 24-26. The instant case, in this respect, is similar to the case of <u>Lloyd v. Chao</u>, 240 F. Supp. 2d 1, 4 (D. D.C. 2002) (reporting incident to supervisors within 45 days is tantamount to initiating contact with an EEO counselor), a case, however, whose holding was rejected by the Court in <u>Carter v. Greenspan,</u> 304 F. Supp. 2d 13 (D. D.C. 2004) (n 10 at 24) as contrary to the weight of authority on this issue. The <u>Carter</u> case, in turn, was cited with approval by the Court in <u>Greer v. O'Neill</u>, 2006 U.S. Dist. Lexis 23271 (D. D.C. 2006).

Mr. Robinson further states in his Affidavit that he did not know that in order to make a timely complaint to EEO, he was required to make contact with an EEO Counselor within 45 days of the incident. He was aware that, within his workplace, there were two (2) places where EEO-related posters were posted. The posters that were posted in those locations at the time did not provide the specific information that, in order to make a timely complaint to EEO, employees were required to make contact with an EEO Counselor within 45 days of the incident. The posters also failed to state that while efforts are underway to resolve the matter through internal processes, the 45-day time limit continues to run.

The Court, in <u>Foster, supra</u>, noted that, as the D.C. Circuit has recently clarified, a Title VII claimant is entitled to equitable tolling of the 45-day deadline to contact an EEO counselor once he has made a showing in the district court that he was not notified of, and was otherwise unaware of, the time limit. 516 F. Supp. 2d at 26, citing, <u>Harris,</u> 2007 U.S. App. LEXIS 12199, 2007 WL 1515126, at 2. As stated in <u>Foster,</u> the D.C. Circuit has adopted the Seventh Circuit's two-step constructive notice inquiry, which considers "(1) whether 'notification of the time requirements was provided,' and (2) whether the notification was 'reasonably geared to inform the complainant of the time limits.'" <u>Harris, Id.</u> (quoting <u>Johnson</u>, 47 F.3d at 918). Thus, in <u>Foster,</u> it was not enough for the Plaintiff to say he never saw the posters. In the instant case, however,

3

Mr. Robinson, in an affidavit made on personal knowledge, states that, "at the time" of the occurrence, the posters that were posted "did not provide the specific information that, in order to make a timely complaint to EEO, employees were required to make contact with an EEO Counselor within 45 days of the incident." Affidavit at ¶5. In contrast to Mr. Robinson's sworn statement, the Defendant has submitted a Declaration, not on personal knowledge, containing, at ¶5, reference to a memorandum authored by someone other than the declarant, which is impermissible hearsay, advising that someone else had visited the Plaintiff's former work place on October 23, 2006 (almost two years after the occurrence) to observe and photograph the EEO posters as of that date. This information fails to establish, as Defendant has the burden to do, that, at the time of the occurrence, notification, reasonably geared to inform the complainant of the time limits, was provided. The difference in the time element is especially significant in light of Mr. Robinson's additional statement contained in his Affidavit, that, "to the best of [his] knowledge, information and belief, there came a time, subsequent to [his] making contact with an EEO counselor, that the agency replaced the posters that had been in place for a number of years with posters that now did contain the 45-day time limit information."

Defendant, at p. 4 of his Motion, states that "Plaintiff advised the EEO counselor that he learned of the 45-day requirement from the posters that had been up before, during and after the alleged harassment, citing the Dillings Declaration at ¶4. That Declaration, in turn, cites the EEO counselor's Report of Counseling, at page 6, which states that "Mr. Robinson said that he observed a poster of the National Park Service EEO counselors on the Brentwood Maintenance Facility bulletin board." That is all that Mr. Robinson said he observed on the poster. It is clear from Mr. Robinson's affidavit that the poster he observed "did not provide the specific information that, in order to make a timely complaint to EEO, employees were required to make

4

contact with an EEO Counselor within 45 days of the incident." Plaintiff's Affidavit at ¶5.

In determining whether there exists a genuine issue of material fact sufficient to preclude summary judgment, the court must regard the non-movant's statements as true and accept all evidence and make all inferences in the non-movant's favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A non-moving party, however, must establish more than the "mere existence of a scintilla of evidence" in support of its position. Id. at 252. Unlike in Foster, on this issue, there is a genuine factual dispute and Plaintiff has raised a triable issue of fact with respect to whether notification of the time requirements was provided and whether that notification was reasonably geared to inform him of the time limits. A reasonable jury could find that the Defendant failed to provide Mr. Robinson with sufficient constructive notice of the 45-day deadline while he was employed at the Brentwood facility; therefore, dismissal/summary judgment is not appropriate.

For the foregoing reasons, Plaintiff prays that the Defendant's Motion be denied.

Respectfully submitted,

*Andrew W. Nussbaum*
Andrew W. Nussbaum
Attorney for Plaintiff
Lawrence Robinson
U. S. District Court I.D. No. 317446

KNIGHT, MANZI, NUSSBAUM
  & LaPLACA, P.A.
14440 Old Mill Road
Upper Marlboro, Maryland 20772
(301) 952-0100

## CERTIFICATE OF SERVICE

I hereby certify that, on this 3d day of March, 2008, I caused the foregoing Memorandum of Points and Authorities in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss or for Summary Judgment to be served on Defendant's attorney, Kenneth Adebonojo, Esq., via the Court's Electronic case Filing system.

_Andrew W. Nussbaum/SLG_
Andrew W. Nussbaum

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LAWRENCE ROBINSON** | * |
| | * |
| Plaintiff | * |
| | * |
| v. | * Civil Action No. 07-1499 (RCL) |
| | * (ECF) |
| **DIRK KEMPTHORNE, SECRETARY,** | * |
| **U.S. DEPARTMENT OF THE INTERIOR** | * |
| | * |
| Agency/Defendant | * |

\* \* \* \* \* \* \*   \* \* \* \* \*

## STATEMENT OF GENUINELY DISPUTED ISSUES OF MATERIAL FACTS IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to LCvR 7(h), Plaintiff, Lawrence Robinson respectfully submits the following statement of material facts in dispute in support of his opposition to Defendant's Motion for Summary Judgment.

1. Whether the Agency provided notification to Mr. Robinson of the 45-day time limit for initiating contact with the Agency's EEO counselor and whether the notification was 'reasonably geared to inform" him of the time limits.

The Affidavit of Lawrence Robinson, previously submitted to the EEOC and attached hereto, attests that Mr. Robinson, after the December 20, 2004, incident, registered a complaint with a Park Police Officer and with Work Leader, Melvin Haden, and Mr. Haden's supervisor, Joan Proctor. Mr. Robinson wrote a statement and gave it to the Police Officer who had come to the scene. Later, when Mr. Robinson's Foreman/Floor Supervisor, George Harley, came in, Mr. Robinson met with him and told him of his complaint. Subsequently, following the protocols of which Mr. Robinson had been made aware, he reported the incident to the Administrative Officer, Ken Brodie, and to the Union representative, Jordan Whitaker. None of these individuals informed or

advised Mr. Robinson that, in order to make a timely complaint to EEO, he must make contact with an EEO Counselor within 45 days of the incident.

Mr. Robinson further states in his Affidavit that he did not know that in order to make a timely complaint to EEO, he was required to make contact with an EEO Counselor within 45 days of the incident. He was aware that, within his workplace, there were two (2) places where EEO-related posters were posted. The posters that were posted in those locations at the time did not provide the specific information that, in order to make a timely complaint to EEO, employees were required to make contact with an EEO Counselor within 45 days of the incident. The posters also failed to state that while efforts are underway to resolve the matter through internal processes, the 45-day time limit continues to run.

Mr. Robinson's Affidavit further states that "to the best of [his] knowledge, information and belief, there came a time, subsequent to [his] making contact with an EEO counselor, that the agency replaced the posters that had been in place for a number of years with posters that now did contain the 45-day time limit information."

2.    Whether Mr. Robinson learned of the 45-day requirement from the posters that had been up before and at the time of the occurrence as stated in Defendant's Dillings Declaration at ¶4, which cites the EEO counselor's Report of Counseling, at page 6, which states that "Mr. Robinson said that he observed a poster of the National Park Service EEO counselors on the Brentwood Maintenance Facility bulletin board." That is all that Mr. Robinson said he observed on the poster.

Respectfully submitted,

Andrew W. Nussbaum /s/n
Andrew W. Nussbaum
*Attorney for Plaintiff*

KNIGHT, MANZI, NUSSBAUM & LAPLACA
14440 Old Mill Road
Upper Marlboro, MD  20772
(301) 952-0100
Fax No. (301) 952-0221

In Re: LAWRENCE ROBINSON

Case No. P4217(0008)
DM-2005-072

U.S. DEPARTMENT OF THE INTERIOR
NATIONAL PARK SERVICE

## AFFIDAVIT OF LAWRENCE ROBINSON

I, Lawrence Robinson, hereby affirm the following:

1. I am over eighteen years of age and competent to testify to the facts and matters stated herein, which are stated based upon my personal knowledge.

2. At the time of the incident in question, in December, 2004, I was assigned to the Brentwood Maintenance Facility, in Washington, D. C.

3. After the December 20, 2004, incident, I registered a complaint with a Park Police Officer and with my Work Leader, Melvin Haden, and his supervisor, Joan Proctor. I wrote a statement and gave it to the Police Officer who had come to the scene. Later, when my Foreman/Floor Supervisor, George Harley, came in, I met with him and told him of my complaint. Subsequently, following the protocols of which I had been made aware, I reported the incident to the Administrative Officer, Ken Brodie, and to the Union representative, Jordan Whitaker. None of these individuals informed or advised me that, in order to make a timely complaint to EEO, I must make contact with an EEO Counselor within 45 days of the incident.

4. I did not know that in order to make a timely complaint to EEO, I was required to make contact with an EEO Counselor within 45 days of the incident.

5. I was aware that, within my workplace, there were two (2) places where EEO-related

posters were posted. The posters that were posted in those locations at the time did not provide the specific information that, in order to make a timely complaint to EEO, employees were required to make contact with an EEO Counselor within 45 days of the incident. The posters also failed to state that while efforts are underway to resolve the matter through internal processes, the 45-day time limit continues to run.

6. To the best of my knowledge, information and belief, there came a time, subsequent to my making contact with an EEO Counselor, that the agency replaced the posters that had been in place for a number of years with posters that now did contain the 45-day time limit information.

7. When I did make initial contact with Joy Harris in the EEO Office, I told her that none of the managers and supervisors and union representatives with whom I had been dealing over this incident on a regular basis had told me of the 45-day requirement. I also told her that it was only a day or two ago that a friend had told me of the 45-day requirement and that, upon learning that, I promptly came to see Ms. Harris.

I DO SOLEMNLY DECLARE OR AFFIRM UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

_/s/ Lawrence Robinson_
Lawrence Robinson

Date  8/27/06

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LAWRENCE ROBINSON | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil Action No. 07-1499 (RCL) |
| | * | (ECF) |
| DIRK KEMPTHORNE, SECRETARY, | * | |
| U.S. DEPARTMENT OF THE INTERIOR | * | |
| | * | |
| Agency/Defendant | * | |

## ORDER

Upon consideration of the Defendants' Motion to Dismiss or for Summary Judgment, Plaintiff's Opposition thereto, it is this _____ day of _____, 2008, by the United States District Court for the District of Columbia,

ORDERED, that Defendants' Motion be DENIED.

_____
JUDGE

Copies to:

Kenneth Adebonojo
Assistant United States Attorney
Judiciary Center Building
555 4th Street, NW – Civil Division
Washington, DC 20530
(202) 514-7157
*Attorney for Defendant*

Andrew W. Nussbaum
KNIGHT, MANZI, NUSSBAUM & LaPLACA, P.A.
14440 Old Mill Road
Upper Marlboro, MD 20772
(301) 952-0100
*Attorney for Plaintiff*