UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAWRENCE ROBINSON,<br><br>        Plaintiff<br><br>v.<br><br>DIRK KEMPTHORNE, Secretary,<br>U.S. Department of Interior<br><br>        Defendant. | Civil Action No. 07-1499 (RCL)<br>(ECF) |

### ERRATA

Dirk Kempthorne, in his official capacity as Secretary of the Interior ("Defendant"), hereby advises the Court and Plaintiff that the undersigned inadvertently affixed incorrect exhibits to the Declaration of Alvin Dillings submitted in support of Defendant's Motion for Summary Judgment. It is unlikely that Plaintiff is significantly prejudiced because the declaration itself is unchanged and, with the filing of this errata, it now matches up with the exhibits.[1]

March 27, 2008

Respectfully submitted,

 /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

 /s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

---

[1] Furthermore, Defendant has no objection to Plaintiff having an opportunity to respond to the corrected declaration.

_/s/_____
KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530
(202) 514-7157
(202) 514-8780 (facsimile)

## CERTIFICATE OF SERVICE

I certify I that on this 27th day of March, 2008, I caused the foregoing errata to be served on Plaintiff's attorney, Andrew Wayne Nussbaum, via the Court's Electronic Case Filing system.

_/s/_____
KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530
(202) 514-7157
(202) 514-8780 (facsimile)

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| Lawrence Robinson, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>Dirk Kempthorne, Secretary, )<br>U.S. Department of the Interior )<br>)<br>Agency/Defendant )<br>_____ ) | Case No. 1.07-cv-01499 |

### DECLARATION OF ALVIN DILLINGS

I, Alvin Dillings, declare and say:

1. I am the Chief, Employment Complaints and Adjudication Division, Office of Civil Rights, U.S. Department of the Interior. I have held this position since April 1, 2006. My duties include supervising the Agency's complaint processing system, preparing Final Agency Decisions, issuing Agency dismissals of complaints, and preparing and supervising the Records Center. We are record custodians for all Agency EEO complaint files.

2. As part of my official duties, I was assigned to the processing of the EEO Complaint filed by Mr. Lawrence Robinson. Mr. Robinson was employed by the National Capital Region (NCR), National Park Service (NPS) as an automotive mechanic at the Brentwood Maintenance Facility, Washington, D.C. I reviewed the files and prepared the Final Agency Decision (FAD) dated August 25, 2006, on Mr. Robinson's EEO complaint. Mr. Robinson's complaint was rejected as untimely because it was not filed within 45 days of the alleged act of discrimination. The alleged

act of discrimination (sexual harassment) took place on December 20, 2004. The 45th day after this incident was February 3, 2005. Mr. Robinson did not make initial contact with an EEO counselor until March 4, 2005.

3. I also prepared the Agency's briefings to the Office of Federal Operations, U.S. Equal Employment Opportunity Commission that led to the EEOC's affirmance of the FAD by decision dated March 23, 2007, and to the EEOC's denial dated May 2, 2007, of Mr. Robinson's request for reconsideration.

4. The EEO counselor's Report of Counseling dated September 7, 2005, indicates at page 6 that Mr. Robinson stated that he delayed initiating the EEO process to give his supervisors time to initiate disciplinary action against the alleged offender. The Report of Counseling also states at page 6 that Mr. Robinson said that he observed a poster of the National Park Service EEO counselors on the Brentwood Maintenance Facility bulletin board. A copy of the counselor's Report of Counseling is attached to this Declaration as Exhibit 1.

5. By memorandum to the EEO Program Manager, NPS dated October 26, 2006, titled "Reconsideration Request for Lawrence Robinson", the EEO Program Manager, NCR advised that an EEO counselor visited the Brentwood Maintenance Facility on October 23, 2006, and observed and took photographs of EEO posters on the bulletin boards of six of the seven shops at the facility and on the hallway to and from the facility's main office together with contact lists of NCR EEO counselors. Both the posters of the EEO counselors and the contact lists of the EEO

counselors included the 45 day time limit information. The EEO Program Manager, NCR, wrote that EEO posters that the NCR had posted for the prior 11 years all identified the required time frame for initiating the EEO process. The EEO Program manager, NCR also wrote that the NCR EEO Office has, since 1980, distributed notice of the EEO complaint process and of the employee's rights in the process to all employees at the beginning of each fiscal year. The October 26, 2006, memorandum and the attached photographs of the Brentwood Maintenance Facility were provided to my office by memorandum dated November 3, 2006. The October 26, 2006, memorandum and the photographic documentation were provided to the Office of Federal Operations, EEOC in support of the Agency's motion to affirm the FAD. The November 3 and October 26, 2006, memorandums and the attendant photographs of the Brentwood Maintenance Facility are attached to this Declaration as Exhibit 2.


In accordance with 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing information is true and correct.

Executed this 22nd day of January, 2008.

_/s/ Alvin Dillings_
Alvin Dillings

# DEPARTMENT OF THE INTERIOR

# EQUAL OPPORTUNITY OFFICE

# REPORT OF COUNSELING[1]

### REPORTING

Note:   Attach all relevant documents and supplemental sheets, including but not limited to a:

    a.    Copy of the Rights and Responsibilities for Processing Complaints of Discrimination, signed by the aggrieved person, including the certificate of receipt, if mailed.

    b.    Copy of the Notice of Final Interview signed by the aggrieved person, including a copy of the certificate of receipt, if mailed.

    c.    Copy of any informal resolution agreement(s) presented to the aggrieved person for acceptance/rejection.

    d.    Copy of the Agreement to Extend the Counseling Period, if an extension was approved.


**BUREAU:** National Park Service

**EEO COUNSELOR'S NAME:** Mr. Lee Gaither

**LOCATION:** National Capitol Region    **TELEPHONE:** 202-692-6041

**EEO COUNSELOR'S SIGNATURE AND DATE:**

**EQUAL OPPORTUNITY MANAGER'S:** *[signature]* 9/7/05

---

[1]The information contained in this report is subject to the non-disclosure provisions of the Privacy Act of 1974, Public Law 93-579, 5 U.S.C. 552a. A copy of this report should be given to the aggrieved person after he/she files a formal complaint.

## PART A
## KEY FACTS

1. **Aggrieved person's Full Name:** Lawrence Robinson

   

2. **Place of Employment:** National Park Service, National Capitol Region

   Address: Brentwood Maintenance Facility

   Work Phone: 202-426-6890

   Position, if working for Federal Government: Automotive Mechanic, WG-10

   Position Title, Series, Grade

3. **Office Where Complaint Arose, if different from above:**

   Address:

4. **Anonymity Requested:** (mark one)  Yes _____   No  XX

5. **Aggrieved Person's Representative:**  Mr. Sheldon Gnatt, Esquire

   Address: 14440 Old Mill Road
   Upper Marlboro, MD 20772

   Phone:  301-952-0100

   __XX__ Attorney      _____ Non-Attorney
   After many requests, a Designation of Representative Form was still never provided.

6. **Aggrieved Persons Initial Contact with EEO Official (Date):** March 4, 2005

7. **EEO Counselor*s Initial Interview with Aggrieved Person (Date):** April 7, 2005

8. **Regional Equal Opportunity Manager Advised of Complaint (Date):** March 4, 2005

4

When providing alternate counseling, Bureau EEO Officer/EEO Manager advised of Complaint (Date): _____

9. **Notice of Rights and Responsibilities for Processing Complaints of Discrimination Issued** (Date):   April 7, 2005

10. **Notice of Final Interview (NOFI):**   Date hand delivered _____

    Date Sent and Certified Mail number: July 5, 2005,   #70010320000140690474

    (Note: The NOFI also must be sent to the representative if the aggrieved person has designated one)

11. **Notice of Final Interview Received by Aggrieved Person**   (Date): July 7, 2005

    (If the Notice of Final Interview was mailed, attach the certified mail return receipt card [green card]).

12. **Agreement to Extend Counseling Period**

    a. Date on which Agreement to Extend Counseling Period was Signed:  May 25, 2005

    b. Date to which Counseling Period was Extended:  July 25, 2005

## PART B
## REASON(S) FOR SEEKING COUNSELING

1. Alleged Discriminatory Basis (Be specific. For example, if "Age," give the date of birth):

   Race: _____          Color:

   Sex:  Sexual Harassment  _____          Religion:

   Age: _____          National                    Origin:

   Mental Disability: _____

   Physical Disability: _____

   Reprisal: _____
   If in connection with the employee's prior complaint activity, indicate whether an informal or formal complaint was pursued. If the individual filed a formal complaint(s), provide the Docket Number(s): _____.   If the prior EEO activity was unrelated to the individual's complaint, describe the EEO activity the individual participated in (i.e., served as a witness in the investigation of X complaint; objected to a discriminatory comment made by X in Y month, Z year, etc.).

   Other: (Matter not covered by Federal EEO complaint regulations under 29 C.F.R. 1614 - Also See Part E.3.

5

2. **Alleged Discriminatory Matter(s)/Action(s):**

   Mr. Lawrence Robinson alleges that on December 20, 2004, ████████████ a National Park Service maintenance employee made sexual comments and threats towards him at the Brentwood truck shop. Mr. Lawrence advised that his first line supervisor Melvin Hayden and shop supervisor Butch Harley did not handle the incident appropriately or in a timely manner.

   **Date of 45th Day After Last Incident:** February 3, 2005

3. If any incidents occurred more than 45 days before initial contact, record the individual's reason(s) why (s)he did not raise the matter earlier?

   Mr. Robinson stated that he was giving his supervisors time to take some disciplinary action against the offender but when he realized that they had not taken any action he contacted the Equal Opportunity Office.

   In what manner was the aggrieved person made aware of the discrimination complaint procedures, including the time limit in which to contact an EEO Counselor?

   Mr. Robinson observed a poster of the National Park Service EEO counselors on the Brentwood Maintenance Facility bulletin board.

4. **Corrective Action Sought by and Discussed with Aggrieved person:**

   The following is a list of proposed remedies Mr. Lawrence submitted:

   a. $300,000 dollars in compensatory damages
   b. Back pay for lost wages
   c. Pay all medical bills
   d. Pay attorney fees
   e. No further contact with Maurice Braxton

6

PART C
FACT FINDING

**Summary of Informal Inquiry:** (Describe the facts gathered. Do not express an opinion as to the merit of the complaint.)

a. Witness Interviews.

**Lawrence ROBINSON**
National Mall & Memorial Parks
Male
Date of Interview: April 7, 2005

Mr. Robinson informed me that on December 20, 2004, he was approached by Mr. Maurice Braxton inside of the truck shop at the Brentwood Maintenance Facility. He stated that Braxton made inappropriate (sexual in nature) comments, expletives, and threats towards him. Robinson advised that Braxton had made inappropriate comments to him before, and that he informed his chain-of-command of the incident. No action was taken against Braxton. Robinson stated that two of his co-workers, Mr. West and Mr. Curtis were present during the aforementioned incident.

Mr. Robinson also advised that the United States Park Police responded to the December 20th incident. However, he does not believe that they did an adequate investigation because Braxton was not arrested. Robinson stated that his immediate supervisor, Mr. Melvin Hayden, and Shop Supervisor, Butch Harley, did not handle the incident appropriately or advise him of their intent to correct the problem. Mr. Robinson stated that the aforementioned incident has created a hostile work environment and has caused an enormous amount of stress. Robinson stated that he was out on OWCP due to the repeated harassment by Braxton.

(Note: During this interview Mr. Robinson declined to sign the Rights & Responsibilities stating that his attorney had to review it first. Also, Mr. Robinson said that he would have to get back to me to let me know what relief he was seeking. After several calls and messages, Mr. Gnatt who is Mr. Robinson's attorney called on June 23, 2005 and gave me the desired relief.)

**George HARLEY**
Auto Mechanic Supervisor
National Mall & Memorial Parks
Male
Date of Interview: May 27, 2005

Mr. Harley was informed by the undersigned of Mr. Lawrence's allegations of sexual harassment, discrimination, and his intent to file a formal EEO complaint. Harley advised that he was aware of the incident that occurred on December 20, 2004. Harley stated that Maurice Braxton's supervisor Joan Proctor (female) counseled Braxton on his involvement and conduct regarding the alleged incident.

7

**Melvin HAYDEN**
Work Leader (Truck Shop)
National Mall & Memorial Parks
Male
Date of Interview: May 24, 2005

Mr. Hayden is Mr. Lawrence's first line supervisor. Hayden was informed by the undersigned of Lawrence's allegations of sexual harassment, discrimination, and his intent to file a formal EEO complaint. Hayden advised that he was aware of the incident that occurred on December 20, 2004. Hayden advised that he thought the United States Park Police (USPP Case # 04-39134) was handling Lawrence's allegations of threats.

**Ken Brodie**
Chief Division of Administration
National Mall & Memorial Parks
Male
Date of Interview: September 7, 2005

Mr. Brodie stated that he was aware of the incident and that the U.S. Park Police had done an investigation and that one of his staff members had also taken some statements from employees. From what he understands Mr. Robinson could have also contributed to what happened. Mr. Robinson has been on leave since the incident has occurred. Because of this and other events, the Park is working on a proposal to remove ▓▓▓▓▓▓. Mr. Brodie stated that he was not in a position to offer the relief Mr Robinson is requesting.

**Joan Proctor**
Supervisor
National Mall & Memorial Parks
Female
Date of Interview: September 8, 2005

Ms. Proctor stated that she was not directly involved in resolving the issue. ▓▓▓▓▓▓ does report to her but she only has second information. However, she did have a conversation with Mr. Robinson after the first incident but he stated that he did not believe that ▓▓▓▓▓▓ would bother him again and did not want any action to be taken against ▓▓▓▓▓▓. She has been advised that her Supervisor, Mr. Brodie is taking care of the matter.

    b. **Document Review.**

        a. United States Park Police Criminal Incident Report (not attached)

    c. **Survey of Environment.** (In order to identify similarly situated employees, describe the make-up of the organizational unit by name, position title, and the protected status of the employees relative to the bases of the complaint. For example, if sex discrimination is alleged, identify the employees in a similar position as the aggrieved person who report to the same Division Chief and identify their gender.

8

PART D
CONCLUSION OF EEO COUNSELING ACTIVITIES

1. Was the Aggrieved Person advised of the availability of Alternative Dispute Resolution (ADR)? Yes XX  No___

    Was resolution sought through an ADR process or through the informal EEO counseling process?

    Informal EEO Counseling: ____        ADR: ____

    Was the matter resolved?  Yes ___   No XX

    Explain, if no.

    Mr. Lawrence's proposed remedies could not be achieved during the informal counseling process.

PART E
MISCELLANEOUS

1. Has the aggrieved person filed a grievance related to the issue(s) identified under B.2?

    Yes _____   Date grievance filed: _____         No XX

    If yes, attach a copy of the grievance.

2. Has the aggrieved person filed an appeal with the Merit Systems Protection Board about the issue(s) raised under B.2?

    Yes _____   Date appeal filed: _____           No XX

    If yes, attach a copy of the appeal.

3. Non-EEO Matter –

4. Management Notification/Contacts:

    Was management advised of the informal and formal EEO complaint process? Yes XX No ___

    Was management notified of the allegations?                Yes XX   No ____

    Was management notified of the conclusion of EEO counseling?   Yes XX   No ____

9

5. **ATTACHMENTS**

   a. Rights and Responsibilities for Processing Complaints of Discrimination, signed by aggrieved person on 4/30/05 (only signature page returned).

   b. Notice of Final Interview and Right to File a Discrimination Complaint - certificate of receipt dated 7/7/05 attached.

   c. Agreement to Extend EEO Counseling signed by the aggrieved 5/25/05.



# United States Department of the Interior

NATIONAL PARK SERVICE
National Capital Region
1100 Ohio Drive, S.W.
Washington, D.C. 20242

IN REPLY REFER TO

P42(NCR-EEO)

October 26, 2006

Memorandum

To:     EEO Program Manager, National Park Service

From:   EEO Manager, National Capital Region

Subject:  Response regarding Lawrence Robinson Reconsideration - DM-2005-072

Please be advised that when Mr. Robinson called the Regional EEO Office requesting an EEO Counselor I informed him that his contact date was beyond the required time limit. During that discussion he stated that he did not contact an EEO representative sooner because he was giving management time to discipline the offender. It was not until some time had lapsed and it seemed to him that no action was going to be taken, that he decided to utilize the EEO process.

In regards to his statement that nothing was posted to inform him of the EEO time limitation, he stated otherwise to his EEO Counselor. During the informal counseling period, Mr. Robinson told the counselor that there were several posters posted in the Brentwood Maintenance Facility. All the posters have the 45 day time frame on them.

One of our EEO collateral duty counselors visited the Brentwood Maintenance Facility on October 23, 2006 and took pictures of all bulletins boards. Of the seven maintenance shops, posters were on the bulletin boards of six shops. Posters were also in the hallway to and from the facility's main office.

Posted along with the U.S. DOI Complaint Processing Procedures and the EEO Counselors Poster containing the 45 day time limit information is a contact list of current NCR EEO Counselors with time limit information on it as well. Enclosed, I have provided copies of the last three posters which we have posted over the past 11 years, all which identify the required time frame. Also, since 1980 the EEO Office has distributed the EEO Complaint Process and the Employee's Rights in the Process to all employees at the beginning of every fiscal year.

Please do not hesitate to contact me with any questions or if you need any further information.

Enclosures



United States Department of the Interior

NATIONAL PARK SERVICE
1849 C Street, N.W.
Washington, D.C. 20240

IN REPLY REFER TO:
P4217(0008)
DM-2005-072

NOV 3 2006

Memorandum

To: Sharon D. Eller
Director, Office of Civil Rights

Attention: Carmen Santana

From: Dianne A. Spriggs
EEO Program Manager

Subject: Reconsideration Request for Lawrence Robinson, (FNP-2005-079)

Attached is our response to your request for further information in regards to the reconsideration of the decision in the EEO complaint of Lawrence Robinson.

If you have any questions, please call Sharon Drumming of my staff, at 202-354-1862.

cc: Joy Harris, EEO Manager, National Capital Region





