**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                          )
**LAWRENCE ROBINSON,**                    )
                                          )
          **Plaintiff**                   )
                                          )
          **v.**                          )  **Civil Action No. 07-1499 (RCL) (ECF)**
                                          )
**DIRK KEMPTHORNE, Secretary,**           )
**U.S. Department of Interior**           )
                                          )
          **Defendant.**                  )
_____)

**MEMORANDUM IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT**

Dirk Kempthorne, in his official capacity as Secretary, U.S. Department of the Interior

("Defendant"), filed a Motion for Summary Judgment on the grounds that Plaintiff failed to seek

Equal Employment Opportunity ("EEO") counseling within 45 days of the alleged discriminatory

conduct as required by 28 C.F.R. 1614.105 *et seq*. Plaintiff's sole basis for opposing

Defendant's motion is that, although he "was aware...there were two (2) places where EEO-

related posters were posted," Affidavit of Lawrence Robinson ("Robinson Affidavit") ¶5,

equitable tolling should alleviate his obligation to report his claim within 45 days of the incident.

29 U.S.C. 1614.105(a)(1). First, Defendant posits that Plaintiff is not entitled to equitable tolling

because there is no dispute that Plaintiff saw the actual EEO posters prior to the expiration of the

45 days. Robinson Affidavit, ¶5. In other words, Plaintiff had actual knowledge to the extent

that he was aware of the existence of the posters and that the posters addressed EEO issues.

Furthermore, Defendant contends that Plaintiff is not entitled to equitable tolling because he has

failed to carry his burden of pleading facts to support equitable tolling.

In determining whether the 45-day period should be tolled, the test is whether (1) the employer provided notification and (2) whether the notification was reasonably geared to inform the complainant of the time limits. *Harris v. Gonzales*, 488 F.3d 442, 445 (D.C. Cir. 2007) (reversing a grant of summary judgment where the evidence was inconclusive on whether plaintiff actually saw the EEO postings). The test is not subjective. *Id.* Plaintiff is not entitled to equitable tolling because he had actual notice that there were EEO posters in the work area during the relevant time period. He apparently failed to read them. Otherwise, he would have learned about the 45-day requirement. *See* Declaration of Alvin Dillings, ¶5 attached to Defendant's Motion for Summary Judgment.[1] For the past eleven years, EEO posters that notify employees of their rights have also reflected the time requirement. *Id*.

This case is unlike *Harris*, *supra*, where the evidence indicated "nothing about...whether [plaintiff] should have seen the posters." 488 F.3d 442 at 446. Here, there is no dispute that Plaintiff knew the posters existed and saw them. If he did not know about the 45-day requirement, it is presumably because he did not read the poster. In *Aceto v. England*, the court granted defendant's motion for summary judgment because "[t]he uncontradicted evidence indicate[d] that plaintiff had access to posters containing the correct information...." 328 F.Supp.2d 1, 4 (D.C.D. 2007); *see also Foster v. Gonzales*, 516 F.Supp.2d 17, 26 (D.D.C. 2007)(concluding that the uncontroverted evidence demonstrated that the employer provided information reasonably geared to inform employees of the 45-day requirement). Plaintiff has

---

[1]     With apologies to the Court and Plaintiff, the undersigned discovered in preparing this reply that the incorrect exhibits had been attached to the Declaration of Alvin Dillings submitted in Support of Motion to Dismiss or, in the alternative, for Summary Judgment. Along with this reply, the undersigned filed an errata. The undersigned regrets the error.

failed to profer any evidence as to why he would have seen the posters that advised of the requirement but not be aware of same.  In his complaint, Plaintiff failed to allege any facts that would support a tolling of the 45-day requirement.  *See* Docket Entry 1.

Even if the Court were to find that Plaintiff only had constructive notice, he would still not be entitled to equitable tolling because the record reflects that not only did Defendant provide notification, which Plaintiff admits seeing, the notification advised employees of the time requirement.  *See* Dillings Declaration.

While Defendant bears the initial burden of pleading and proving that Plaintiff failed to exhaust administrative remedies, Plaintiff bears the subsequent burden of pleading and proving facts supporting equitable tolling.  *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997) (holding, *inter alia*, that the agency had no obligation to notify the employee of the time limit). In addition, Plaintiff must establish more than "the mere existence of a scintilla of evidence" in support of his position to withstand summary judgment.  *Aceto, supra* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)).  In this case, Plaintiff has failed to carry his burden. Although he concedes that he saw Defendant's EEO posters, Plaintiff states upon "information and belief" that Defendant changed the posters with new ones that now have the 45-day language but submits no facts or evidence to support that claim.

Moreover, document explaining the EEO complaint process and employees' rights in the process are distributed to Defendant's employees, including Plaintiff, annually.  *See* Dillings Declaration, ¶5.  Plaintiff did not dispute this fact as required by LCvR 7(h).  Self-serving affidavits alone will not protect the non-moving party from summary judgment.  *Carter v. George Washington Univ.*, 180 F. Supp.2d 97, 111 (D.D.C. 2001); *Alexander v. Tomlinson*, 507

3

F.Supp.2d 2, 22 (D.D.C. 2007) (noting that plaintiff's affidavit was inadequate to present a triable issue of fact).  It is clear that Plaintiff has failed to present evidence to support his plea for equitable tolling.  Nor has he presented facts to withstand summary judgment.

        For the foregoing reasons, Defendant respectfully requests that the Court dismiss Plaintiff's complaint with prejudice.

March 27, 2008                          Respectfully submitted,


                                        _/s/_____
                                        JEFFREY A. TAYLOR, D.C. BAR # 498610
                                        United States Attorney


                                         _/s/_____
                                        RUDOLPH CONTRERAS, D.C. BAR # 434122
                                        Assistant United States Attorney


                                         _/s/_____
                                        KENNETH ADEBONOJO
                                        Assistant United States Attorney
                                        Judiciary Center Building
                                        555 4th Street, N.W. – Civil Division
                                        Washington, D.C.  20530
                                        (202) 514-7157
                                        (202) 514-8780 (facsimile)

4

## <u>CERTIFICATE OF SERVICE</u>

I certify I that on this 27th day of March, 2008, I caused the foregoing Memorandum in

Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss or, in the alternative for

Summary Judgment to be served on Plaintiff's attorney, Andrew Wayne Nussbaum, via the

Court's Electronic Case Filing system.


_/s/_____
KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530
(202) 514-7157
(202) 514-8780 (facsimile)