UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LAWRENCE ROBINSON, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 07-1499 (RCL) |
| DIRK KEMPTHORNE, Secretary, U.S. Department of Interior, | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court on defendant's Motion to Dismiss Plaintiff's Complaint or in the Alternative for Summary Judgment [8][9]. Upon consideration of defendant's motion [8][9], plaintiff's opposition [11], defendant's reply [14], oral arguments before the Court on July 11, 2008, all applicable law and the entire record herein, defendant's motion will be DENIED.

**I.      BACKGROUND**

Plaintiff Lawrence Robinson was employed by the Department of the Interior as an automotive mechanic for the National Park Service, National Capitol Region. Robinson filed the instant action against defendant Dirk Kempthorne, in his capacity as Secretary of the United States Department of the Interior, on August 21, 2007. The Complaint alleges violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) *et. seq.*, and seeks compensatory and punitive damages and other relief. The asserted Title VII violation stems from two alleged

incidents involving a coworker's use of sexually charged language toward plaintiff, said to have occurred on December 15 and 20, 2004. Robinson does not contest defendant's assertion that he first reported the alleged incidents to an Equal Employment Opportunity ("EEO") Counselor on March 4, 2005, approximately seventy-five days after they occurred.

On January 22, 2008 defendant filed a Motion [8][9] to Dismiss Plaintiff's Complaint or in the Alternative for Summary Judgment. Defendant's motion was filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant argues that its motion should be granted because Robinson failed to contact an EEO counselor within forty-five days of the alleged discriminatory act, and has thus failed to exhaust the administrative remedies available to him under the EEO process. Plaintiff argues, *inter alia*, that the forty-five day time limit to initiate administrative proceedings should be extended because he did not have notice of the time limit.

## II.   DISCUSSION

### A.   Legal Standard

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Because the Court has considered matters outside the pleadings in its resolution of the pending motion, the motion will be treated as a motion for summary judgment under Rule 56.

A motion for summary judgment can only be granted if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A court should grant a motion for summary judgment only

if the evidence is such that no reasonable juror could find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51 (1986). "At the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter." *Id.* at 249. The court must also view the evidence in the light most favorable to the plaintiff, the non-moving party. *Borgo v. Goldin*, 204 F.3d 251, 254 (D.C. Cir. 2000).

"Prior to instituting a court action under Title VII, a plaintiff alleging discrimination in federal employment must proceed before the agency charged with discrimination." *Bayer v. U.S. Dept. of Treasury*, 956 F.2d 330, 332 (D.C. Cir. 1992) (citing 42 U.S.C. § 2000e-16(c)). "This administrative remedies exhaustion requirement is mandatory." *Id.* (citing *Brown v. General Services Administration*, 425 U.S. 820, 832-33 (1976)). Because the failure to exhaust administrative remedies is an affirmative defense, the defendant bears the burden of proving the plaintiff's failure to exhaust administrative remedies.

The time requirements for bringing a Title VII claim are set forth in 29 C.F.R. § 1614.105(a)(1), which states "[a]n aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory." However, subsection (a)(2) specifies that the agency "shall extend the 45-day time limit . . . when the [complainant] shows that he or she was not notified of the time limits and was not otherwise aware of them." 29 C.F.R. § 1614.105(a)(2). In interpreting these provisions to determine whether or not the forty-five day limit must be extended for lack of notice, our Court of Appeals has recently "declined to adopt a 'strict theory of constructive notice.'" *Harris v. Gonzales*, 488 F.3d 442, 445 (D.C. Cir. 2007) (quoting *Johnson v. Runyon*, 47 F.3d 911 (7th Cir. 1995)). Instead, the D.C. Circuit has set out "a two-step inquiry: (1) whether notification of the time requirements was

provided, and (2) whether the notification was "reasonably geared to inform the complainant of the time limits." *Id.* (quotation marks omitted).

In *Harris* the District Court had applied the "reasonably geared" standard from *Johnson* to grant summary judgment for the plaintiff. *Harris v. Attorney General of U.S.*, 400 F.Supp.2d 24, 27 (D.D.C. 2005). The District Judge found "[t]he uncontradicted evidence indicates that defendant provided informational posters which set forth the applicable 45-day time limit in areas accessible to plaintiff during a lengthy period of her prior employment." *Id.* at 28. This evidence consisted of "uncontradicted declarations which, when taken together, show that informational posters detailing the 45-day time limit were present" in various locations where the plaintiff would have been during the course of her employment. *Id.*

In reversing the District Court, our Circuit Court cited at least three reasons relevant to the case at bar why it could not say that no reasonable jury could find for the plaintiff. First, the Circuit noted that the posters on which the defendant relied to establish the plaintiff's constructive notice were not part of the record, nor was their text included in any of the affidavits relied upon by the District Court. 488 F.3d at 445. "Without the actual text, [the Court of Appeals had] no way of determining whether the posters were 'reasonably geared' to notify" the plaintiff of the forty-five day time limit. *Id.*

Second, the Circuit Court found the affidavits "insufficient to determine whether the posters were displayed in a manner 'reasonably geared' to inform the plaintiff of the time limit." *Id.* For example, those affidavits specified "only that the posters were displayed in a break room and file room available to all employees and contractors during the period of time" when plaintiff was employed. *Id.* at 445-46. But, the Court of Appeals continued:

4

>   the mere fact that these rooms were available to [individuals similarly situated to plaintiff] – absent information such as the placement of the posters and the number of [similarly situated individuals] who entered the rooms, as well as the frequency with which they did so – tells us nothing about the likelihood that [the plaintiff] was ever in these rooms or, if so, whether she should have seen the posters.

*Id.* at 446.

In addition, the Court of Appeals noted that the affidavits in question related to posters said to have been in place during a period that pre-dated the day when that plaintiff began a new posting and the day before she was fired. *Id.* Such affidavits – regarding the plaintiff's "potential exposure to posters at a different [] office in a separate contract assignment seven months prior to her firing" – were found "insufficient to eliminate a genuine issue of material fact regarding [the plaintiff's] notice of the 45-day requirement.

    B.    <u>Defendant's Motion is Insufficient to Merit Summary Judgment</u>

Turning to the case at bar, this Court finds the defendant's motion and the record in support thereof similarly insufficient as was the case in *Harris*. Defendant has thus failed to meet its burden to prove, as a matter of law, that Robinson is not entitled to an extension of the forty-five day time limit.

In support of its motion, defendant principally offers the declaration of Mr. Alvin Dillings ("Dillings declaration"), Chief, Employment Complaints and Adjudication Division, Office of Civil Rights, U.S. Department of the Interior.[1] Filed with the Dillings declaration (*see* Docket Entry # 13-2) are an EEO counselor's Report of Counseling dated September 7, 2005 (*see*

---

[1] Defendant filed an errata (*see* Docket Entry # 13) to its motion correcting the exhibits affixed to the declaration of Mr. Dillings as originally filed. For clarity, all references to the Dillings Declaration are made with respect to the declaration and exhibits filed as document [13] on the Court's docket in this case.

Docket Entry # 13-3), a memorandum between EEO program personnel (*see* Docket Entry # 13-4 at 1), and a memorandum from the EEO Program manager to the Director of the Office of Civil Rights at the Department of the Interior (*see* Docket Entry # 13-4 at 2).  Plaintiff also filed the supplemental declaration (*see* Docket Entry # 16-4) of Joy Harris, the EEO Manager, National Capital Region, National Park Service.

       To demonstrate Robinson's notice of the forty-five day time limit for contacting an EEO counselor, the Dillings declaration states "[t]he Report of Counseling also states . . . that Mr. Robinson said that he observed a poster of the National Park Service EEO counselors" on a poster at his place of work.  (*See* Docket Entry # 13-2 at ¶ 4.)  The cited portion of the Report of Counseling states the plaintiff "observed a poster of the National Park Service EEO counselors" on the bulletin board at his place of work.  (*See* Docket Entry # 13-3 at 6.)  As to "[plaintiff's] reason(s) why (s)he did not raise the matter" within the forty-five day period, the Report of Counseling indicates that Mr. Robinson "stated that he was giving his supervisors time to take some disciplinary action against the offender but when he realized that they had not taken any action he contacted the Equal Opportunity Office."  (*Id.*)  However, nowhere does the Report of Counseling indicate Robinson was – in fact – actually aware of the forty-five day limit, or that Mr. Robinson actually saw a poster that included the forty-five day limit prior to contacting an EEO counselor.

       Defendant also points to Robinson's own affidavit (Pl.'s Opp'n Ex. 2) for the proposition that "there is no dispute that Plaintiff saw the actual EEO posters prior to the expiration of the 45 days." (Def.'s Reply 1.)  However, what Robinson's affidavit states is that he "was aware that, within [his] workplace, there were two (2) places where EEO-related posters were posted." (Pl.'s

6

Opp'n Ex. 2, ¶ 5.) It also bears noting that, in his affidavit, Robinson goes on to allege that "[t]he posters that were posted in those locations at the time did not provide the specific information that, in order to make a timely complaint to EEO, employees were required to make contact with an EEO Counselor within 45 days of the incident" (*id.*), and later that "the agency replaced the posters . . . with posters that now did contain the 45-day time limit information" subsequent to his contacting an EEO counselor (*id.* at ¶ 6). Regardless of Robinson's statement about the content of the posters, and as-yet unsubstantiated claim that the posters were changed subsequent to his complaint, it is clear that whether or not Mr. Robinson had actual notice of the forty-five day requirement is a contested issue.

    Notwithstanding the claims and admissions in Robinson's affidavit, it is possible for a defendant in circumstances similar to the case at bar to prevail on summary judgment. To do so, the defendant bears the burden of showing – at least – that Robinson had constructive notice under the "reasonably geared to inform"standard as expounded by the Court of Appeals in *Harris*. The defendant's motion and supporting material is not sufficient to meet this burden.

    Assuming, *arguendo*, that the posters discussed in the EEO report and Harris Declaration included sufficient language regarding the forty-five day requirement to demonstrate they were reasonably geared to inform a reader of the requirement and that these posters were the actual posters in place at the time of the alleged discriminatory incident – there is no clear information regarding whether the plaintiff "was ever in these rooms or, if so, whether [he] should have seen the posters." *Harris*, 488 F.3d at 446. The *Harris* court found evidence on this question essential to demonstrating constructive notice. *Id.* "The presence or absence of poster notices does not, standing alone, determine whether the limitations period should be tolled." *Id.* (quoting

*Johnson*, 47 F.3d at 918). Though it may seem obvious that the plaintiff would be in rooms where posters with legally sufficient text were displayed, on a motion for summary judgment this Court cannot supplement the record with its own intuition as to what might seem obvious to casual observers. Lacking information about the extent to which Robinson would have entered the locations where the posters are said to have been posted, it is not possible for this Court to determine, as a matter of law, whether there was sufficient notice reasonably geared to inform Robertson of the requirements of the EEO process.

Likewise, the report's statement that "since 1980 the EEO Office has distributed the EEO Complaint Process and the Employee's Rights in the Process to all employees at the beginning of every fiscal year" is clearly insufficient under *Harris*. The text of this notice is not in the record. Again assuming, *arguendo*, that the text was in the record and clearly sufficient, the record does not contain sufficient information about the distribution process to enable this Court to determine whether the distribution was reasonably geared to inform Robinson.

### III.  CONCLUSION

The burdens and expense associated with litigating claims are not lost upon the Court. Indeed, a motion for summary judgment is now one of "the principal tools by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Nor will this Court hesitate to grant a motion for summary judgment when the record and applicable law support such a result.

However, in *Harris* our Circuit set a high – yet not insurmountable – bar which those in the position of the defendant must meet in order to obtain summary judgment. As this Court

reads the Circuit's decision, when considering a motion for summary judgment in these circumstances, before a court can conclude that notice was "reasonably geared to inform" a plaintiff, the record must include, at a minimum: 1) the actual language of *the specific notice(s)* that a plaintiff saw or should have seen, and 2) information regarding how such notice was placed or otherwise distributed.  In the case at bar, the record does not contain clear, unequivocal information with respect to the placement, display, or distribution of the notice that is sufficient to enable the Court to conclude, as a matter of law, that the plaintiff had constructive notice under the two-step inquiry set forth in *Harris*.

    Accordingly, it is hereby

    ORDERED that defendant's motion [8, 9] for summary judgment be, and is hereby, DENIED.

    SO ORDERED.


    Signed by Royce C. Lamberth, Chief Judge, August 12, 2008.